UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEAL WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:12-CV-04715-K |
| | § | |
| E-SYSTEMS LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are: (1) Micheal Wright's ("Wright's") Motion for Partial Default Judgment Against Defendant E-Systems LLC dba TRICPLATE ("Plaintiff's E-Systems Motion") (Doc. No. 14); (2) Wright's Motion for Partial Default Judgment Against Defendant Covertglass.com, LLC ("Plaintiff's Covertglass.com Motion") (Doc. No. 19); and (3) Wright's Motion for Partial Default Judgment Against Defendant Privacy Technology Corporation ("Plaintiff's PTC Motion") (Doc. No. 21). The Court has considered the motions, the briefing, the materials submitted by Plaintiff, and the applicable law. The Court finds that Wright's E-Systems Motion, Wright's Covertglass.com Motion, and Wright's PTC Motion should be, and hereby are, **DENIED.** Should he so desire, Plaintiff has **30 days from the date this Order is signed** to file a motion for leave to file an amended complaint that sufficiently alleges Plaintiff's standing and his causes of action. Failure to do so will result in dismissal of all claims without prejudice.

1

I.  BACKGROUND

Plaintiff Micheal Wright invented and patented a license plate cover that obfuscates the contents of a license plate during vehicle exhibitions. According to Plaintiff's Complaint, He was awarded patent number 6,556,337 on April 29, 2003, and patent number 6,714,340 on March 30, 2004 (collectively, "the patents in suit"). Plaintiff filed this lawsuit on November 17, 2012, against seven defendants who manufacture and/or distribute license plate covers that allegedly infringe the patents in suit. Only E-Systems LLC, Covertglass.com, LLC, and Privacy Technology Corporation ("PTC") remain. Plaintiff alleges that all three defendants committed direct, contributory, and induced infringement of both patents through the manufacture and distribution of these license plate covers. Plaintiff also alleges that Covertglass.com, LLC and PTC falsely claimed a patent application was pending on the license plate covers they manufacture and distribute, and are liable for false marking under 35 U.S.C. § 292.

Though Plaintiff has served all three remaining defendants, none of them have answered or otherwise responded to this suit. The Clerk entered default against PTC on October 7, 2013, and against Covertglass.com, LLC on October 22, 2013. Plaintiff now requests the Court grant a partial default judgment against E-Systems LLC, Covertglass.com, LLC, and PTC, reserving the issue of damages for a hearing.

II. THE APPLICABLE LAW

Standing alone, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu*

*Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). Default is not a confession of liability and the plaintiff's right to recover. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Id.*; *Lewis*, 236 F.3d at 767–68. In defaulting, a defendant does not admit facts that are not well-pleaded, nor does he admit any conclusions of law. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

In order to plead direct patent infringement, a plaintiff need only meet the requirements of Form 18 of the Federal Rules of Civil Procedure. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed Cir. 2012). The Federal Circuit simply requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using the device embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Id.* Induced infringement is properly pleaded if a patentee alleges there has been direct infringement and that the alleged infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir.

3

2005). A plaintiff properly pleads contributory infringement by alleging: (1) direct infringement; (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing"; and (3) that the defendant's components have "no substantial non-infringing uses." *Id.* To properly plead a claim for false marking, a plaintiff must allege that the defendant marked an unpatented article with intent to deceive the public. 35 U.S.C. § 292; *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011). Additionally, a plaintiff must plead the false marking has caused him competitive injury. *Two Moms and a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1216 (D. Colo. 2012) (*citing Rogers v. Tristar Prods., Inc.*, Nos. 2011-1494, 2011-1495, 2012 WL 1660604, at * (Fed. Cir. May 2, 2012) (per curiam)). Allegations of induced infringement, contributory infringement, and false marking are evaluated under the standards established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). *In re Bill of Lading*, 681 F.3d at 1336–37.

    A.    **PLAINTIFF HAS NOT SUFFICIENTLY PLEADED OWNERSHIP OF THE PATENTS IN SUIT.**

Plaintiff's claims of direct, induced, and contributory infringement are each contingent upon successfully pleading and proving ownership of the patents in suit. *See Cross Med. Prods., Inc.*, 424 F.3d at 1312. Thus, to grant a default judgment on any of these claims, Plaintiff must properly allege that he owns the patents in suit. Ultimately, this is an issue of standing. *Sky Techs. LLC v. SAP AG*, 576 F.3d 1274, 1278–79 (Fed. Cir. 2009). Plaintiff's First Amended Complaint alleges that Plaintiff was granted the

patents in suit in 2003 and 2004. However, Plaintiff makes no assertions about who currently owns the patents in suit, or if there are any exclusive licensees or other necessary parties (e.g., co-patentees) that must be joined in this suit. Though Plaintiff's pleading bar on his direct infringement claims is low, his failure to plead ownership of the patents in suit means he has not cleared even that minimal standard. In that his contributory and induced infringement claims are contingent upon properly alleging direct infringement, his failure to properly plead ownership of the patents in suit means those claims are not sufficiently pleaded as well. Because Plaintiff has failed to properly plead ownership of the patents in suit, the Court cannot determine if he has standing to bring his infringement claims. *See Sky Techs. LLC*, 576 F.3d at 1278–79. The Court cannot grant a default judgment, based on insufficient pleadings, in favor of a party who may not have standing to bring this suit in the first place.

      B.      **PLAINTIFF HAS NOT SUFFICIENTLY PLEADED INDUCED OR CONTRIBUTORY INFRINGEMENT.**

In addition to the lack of ownership of the patents in suit, Plaintiff's claims of induced and contributory infringement also fail. In contrast to the minimal pleading requirements of Form 18 for a direct infringement claim, Plaintiff's complaint must allege facts that permit the Court to plausibly infer each of the elements of induced and contributory infringement. *In re Bill of Lading*, 681 F.3d at 1336–37. Regarding induced infringement, Plaintiff must plead facts that plausibly infer Defendants knowingly induced infringement and possessed specific intent to encourage another's infringement. *See Cross Med. Prods., Inc.*, 424 F.3d at 1312. Plaintiff's only allegation on this element is

5

that "[e]ach of the Defendants are actively, intentionally, or knowingly inducing or contributing to infringement of the Patent [sic] by others, including agents, distributors, and actual and prospective customers who access the Defendants' online electronic catalogs and sales documentation." This statement is nothing more than a legal conclusion, which Defendants do not admit by their default. *See Nishimatsu Constr. Co.,* 515 F.2d at 1206. Aside from this statement, Plaintiff makes no allegations in his First Amended Complaint that any Defendant knowingly induced infringement or had specific intent to encourage another person to infringe. Because Plaintiff's Complaint does not sufficiently plead induced infringement, it would be improper to grant a partial default judgment on those claims.

      Plaintiff's allegations of contributory infringement are also deficient. In addition to direct infringement, Plaintiff must allege facts that plausibly infer Defendants knew their products infringed a patent and that their products have no substantial non-infringing uses. *Cross Med. Prods., Inc.,* 424 F.3d at 1312. Plaintiff's sole allegations on these elements are the same legal conclusion he relies on for his induced infringement claims. Defendants, by their default, do not admit knowledge that their products infringed the patents in suit based on this bare allegation that Defendants "induce[d] or contribut[ed] to infringement of the Patent [sic] by others . . . ." Furthermore, Plaintiff has not included a single allegation that Defendants' products have no substantial non-infringing uses. *See id.* Since Plaintiff's Complaint does not sufficiently plead every

6

element of his claims for contributory infringement, it would be improper to grant a default judgment.

### C. PLAINTIFF HAS NOT SUFFICIENTLY PLEADED COMPETITIVE INJURY.

Plaintiff also requests a default judgment on his claims of false marking under 35 U.S.C. § 292 against Covertglass.com, LLC and PTC. To sufficiently plead false marking, the plaintiff must allege that the defendant marked an unpatented article with intent to deceive the public and that he suffered competitive injury as a result. 35 U.S.C. § 292; *see Juniper Networks, Inc.*, 643 F.3d at 1350; *Two Moms and a Toy, LLC*, 898 F. Supp. 2d at 1216. Because intent to deceive sounds in fraud, the plaintiff must plead that element with particularity. Fed. R. Civ. P. 9; *see In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011). He must "provide some objective indication to reasonably infer" that the defendant knew the statements were false and had a purpose of deceit. *In re BP Lubricants*, 637 F.3d at 1311; *see Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010). A false statement combined with knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public. *Pequignot*, 608 F.3d at 1362–63.

Plaintiff's Complaint fails to sufficiently plead competitive injury against either Covertglass.com, LLC or PTC. Competitive injury is an issue of standing to bring a false marking suit. *See Brooks v. Dunlop Mfg. Inc.*, 702 F.3d 624, 630 (Fed. Cir. 2012). The question of standing addresses this Court's jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975). Plaintiff makes a bare allegation that he is a competitor of

Covertglass.com, LLC. This simple restatement of an element is nothing more than a legal conclusion, which the Court will disregard in determining whether or not a default judgment should be granted. *See Nishimatsu Constr. Co.,* 515 F.2d at 1206. Plaintiff fails to make even this conclusory allegation against PTC. Nowhere in his Complaint does Plaintiff allege that he manufactures a license plate cover, sells a license plate cover, or in any other way competes with the products he alleges Covertglass.com, LLC and PTC have falsely marked. Without a single allegation that he is a competitor in this market, Plaintiff has not sufficiently pleaded that he has suffered competitive injury. Without a sufficient allegation of competitive injury, Plaintiff has failed to show he has standing to bring this suit. *See Brooks*, 702 F.3d at 630. The Court will not grant a default judgment to a party who has not shown he has standing to bring this claim.

Plaintiff's allegations that PTC is liable for false marking are deficient as well. Plaintiff simply alleges that PTC falsely claims to sell patented products. As with the rest of Plaintiff's conclusory allegation, the Court will ignore this legal conclusion because PTC would not be deemed to admit it by default. Exhibit G of Plaintiff's Appendix, images from PTC's website, states that "the technology in Privacyplate is patented and copyrighted under federal law . . . ." Plaintiff provides no factual allegation that the statement is false, that PTC knew it was false, or that PTC had any intent to deceive the public. Plaintiff has not properly pleaded his false marking claim against PTC. *See id; In re BP Lubricants*, 637 F.3d at 1310. Based on Plaintiff's insufficient pleadings this Court will not grant a partial default judgment against PTC for false marking.

## II.    CONCLUSION

For the reasons stated above, Wright's E-Systems Motion for Partial Default Judgment (Doc. No. 14) is **DENIED**; Wright's Covertglass.com Motion for Partial Default Judgment (Doc. No. 19) is **DENIED**; and Wright's PTC Motion for Partial Default Judgment (Doc. No. 21) is **DENIED**. Should he so desire, Plaintiff has **30 days from the date this Order is signed** to file a motion for leave to file an amended complaint that sufficiently alleges Plaintiff's standing and his causes of action. <u>Failure to do so will result in dismissal of all claims without prejudice.</u>

**SO ORDERED**

Signed January 8th, 2014

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE