IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WRIGHT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-04715-K-BK |
| | § | |
| **E-SYSTEMS, LLC et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, Doc. 43, this cause is before the Court for a recommendation on Plaintiff's *Motion for Default Judgment and Partial Default Judgment as to Liability*, Doc. 41. For the reasons that follow, the undersigned recommends that the motion be **GRANTED IN PART** as to liability only.

**I. BACKGROUND[1]**

Plaintiff Michael Wright invented and patented a license plate cover that obfuscates the contents of a license plate during vehicle exhibitions. According to his original complaint, he was awarded patent number 6,556,337 in April 2003, and patent number 6,714,340 in March 2004 (collectively, "the patents in suit"). Plaintiff filed this lawsuit in November 2012 against seven defendants who manufacture and/or distribute license plate covers that allegedly infringe the patents in suit. Only E-Systems LLC d/b/a TricPlate ("TricPlate"), Covertglass.com, LLC ("Covertglass"), and Privacy Technology Corporation ("PTC") (collectively, "Defendants") remain in the suit. In his complaint, Plaintiff alleged that Defendants committed direct, contributory, and induced infringement of both patents in suit through the manufacture and

---

[1] Unless otherwise noted, the facts in this section are drawn from Judge Kinkeade's order denying Plaintiff's prior motions for default judgment. Doc. 26.

distribution of their license plate covers.  Plaintiff also alleged that Covertglass and PTC falsely claimed that a patent application was pending on the license plate covers they manufacture and distribute, and were thus liable for false marking under 35 U.S.C. § 292.

When Defendants failed to answer or otherwise respond to this suit, the Clerk entered defaults against them.  Plaintiff then sought partial default judgments against Defendants.  The District Judge denied the motions, observing that Plaintiff's complaint did not adequately state causes of action for the various infringement and false marking theories under which he had sued.  Doc. 26.  Plaintiff subsequently filed an amended complaint.  Doc. 29.  Defendants again failed to respond to the suit, and Plaintiff obtained a default against each of them.  Doc. 40.  Plaintiff now moves for entry of a default judgment against Defendants.  Doc. 41.

## II.  APPLICABLE LAW

Standing alone, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  The decision to grant a default judgment is one soundly within the district court's discretion.  *Lewis*, 236 F. 3d at 767.  "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)).  There must be a sufficient basis in the pleadings for a court to enter judgment by default.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  In defaulting, a defendant does not admit facts that are not well-pleaded nor does he admit any conclusions of law.  *Id.*

## III.  ARGUMENT

Plaintiff requests that the Court enter a default judgment as to TricPlate in the amount of $5.25 million.  Doc. 41 at 5.  He extrapolates this figure from his understanding that TricPlate

2

has sold approximately 2,500 units per year since 2007, charging $449 for motorcycle units and $549 for larger automobile units.  Doc. 41 at 4; Doc. 41-1 at 16-17 (Affidavit of Michael Wright).  Based on his experience in manufacturing the products, he estimates that TricPlate's cost of goods for each unit, including the remote control, is between $100-$150, yielding a profit per unit of $300 minimum, and a total profit as of the time of filing the motion of $5.25 million. Doc. 41 at 5; Doc. 41-1 at 17.  As to Defendants Covertglass and PTC, Plaintiff requests that the Court enter a default judgment as to liability only and reserve the issue of damages for post-judgment discovery.  Doc. 41 at 5-6.  Plaintiff also seeks an award of attorneys' fees, costs, and interest.  Doc. 41 at 7.

**IV.  ANALYSIS**

As an initial matter, the undersigned has reviewed Plaintiff's amended complaint to ensure that it does not contain the same flaws that the Court found when examining the prior complaint.  Upon review, Plaintiff has adequately pled exclusive ownership of the patents in suit. Doc. 29 at 3; *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) (holding that a party must have legal title to a patent to have standing to sue for infringement).  Further, Plaintiff has sufficiently pled a claim for contributory infringement, in that he has alleged facts tending to demonstrate that (1) Defendants directly infringed the patents in suit; (2) Defendants knew that the combination for which their components were especially made was both patented and infringing; and (3) Defendants' components have no substantial non-infringing uses.  Doc. 29 at 5, 7-8; *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) (setting forth the elements of a contributory infringement claim).  Plaintiff also has adequately pled a claim for induced infringement, as he has alleged facts showing that Defendants knowingly and intentionally have induced infringement of the patents in suit by

3

selling, distributing, and/or manufacturing the product, despite having notice of the patent infringement, to distributors and customers who access Defendants' online catalogs or purchase infringing products through online retailers such as Ebay.  Doc. 29 at 2, 4-7; Cross Med. Prods., 424 F.3d at 1312 (setting forth the elements of an induced infringement claim).

Additionally, Plaintiff has now cured the pleading defect in its false marking claim against Covertglass by alleging that Covertglass's false marking of its infringing products as patented has forced Plaintiff, who is a competitor, to seek an explanation of the claimed patents, and caused an unknown number of prospective customers to purchase from Covertglass before Plaintiff's patent issued, causing Plaintiff to lose sales and suffer competitive injury.  Doc. 29 at 6; 35 U.S.C. § 292(b); Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350-51 (Fed. Cir. 2011) (setting forth the elements of a false marking claim).  Plaintiff also has adequately alleged a false marking claim against PTC by contending that it sells competing products and Plaintiff has suffered competitive injury due to (1) PTC's false claim that its product was patented; and (2) PTC's sale of infringing items on its website and through other online retailers such as Ebay. Doc. 29 at 6-8; 35 U.S.C. § 292(b); Juniper Networks, 643 F.3d at 1350-51.  Plaintiff has not attempted to allege a false marking claim against TricPlate.  *See* Doc. 29 at 8.  Accordingly, upon consideration, Plaintiff's allegations have presented the Court with a sufficient basis on which to grant a default judgment against Defendants.  *Nishimatsu Constr. Co.*, 515 F.2d at 1206.  Thus, Plaintiff's motion should be **GRANTED** to that extent.

Turning to Plaintiff's request for entry of default judgment for a sum certain as to TricPlate, such a judgment generally cannot be entered without an evidentiary hearing unless the amount sought is liquidated or easily computable.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).  Although Plaintiff submitted an affidavit in which he (1) estimates the number of units

TricPlate has sold over the past several years based on a phone conversation he had with a TricPlate employee and (2) assumes a particular profit margin based on his own experience, this is not sufficient evidentiary support to calculate the accuracy of the $5.25 million in damages he seeks.  Accordingly, it is recommended that the damages portion of Plaintiff's motion be **DENIED WITHOUT PREJUDICE**.  Plaintiff thus is entitled to judgment as to liability only at this time, with the amount of damages, costs, and attorneys' fees to be determined following discovery.

## V.  CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's *Motion for Default Judgment and Partial Default Judgment as to Liability*, Doc. 41, be **GRANTED IN PART** as to liability only.  No later than February 23, 2015, Plaintiff and any interested parties shall file a status report with the Court advising the undersigned of the status of post-judgment discovery and whether it is anticipated that an evidentiary hearing on the issue of damages will be required.  The undersigned will make findings on the damages issue after the status report is filed.

**SO RECOMMENDED** on October 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE