Warren V. Norred, Norred Law, PLLC
200 E. Abram, Suite 300; Arlington, TX 76010
817-704-3984 o, 817-524-6686 f
wnorred@norredlaw.com, TX Bar 24045094
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL WRIGHT** | § | |
| **Plaintiff,** | § | **Case No. 3:12-cv-04715-K** |
| | § | |
| **v.** | § | |
| | § | |
| **E-SYSTEMS LLC, et al.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES, REQUEST FOR SANCTIONS, AND MEMORANDUM IN SUPPORT

### Relief Sought

Plaintiff Wright, moves this Court to compel Defendants to respond to Plaintiff's post-judgment discovery requests that he served on November 25, 2014, and to sanction Defendants for their failure to respond to those requests.

### I.    PRE-MOTION CONSULTATION

1.    The attached Certificate of Compliance establishes that, prior to filing this motion, Plaintiff fulfilled its obligation to attempt to resolve this matter voluntarily prior to bringing this motion, by attempting to contact each defendant, to no avail.

## II.   MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Background

2.      On November 17, 2012, plaintiff Wright sued defendants for infringement of valid and enforceable patents 6,556,337 (corporately, "Patents").

3.      On June 2, 2014, the clerk entered an entry of default, Doc. 40, against defendants E-Systems LLC, dba Tricplate ("Tricplate"); Covertglass.com, LLC; and Privacy Technology Corporation (together, "Defendants"), due to their failure to answer or otherwise defend within the time allowed.

4.      On November 4, 2014, based on plaintiff's motion for default judgment, this Court issued an order in response to plaintiff's motion for default judgment granting the motion as to liability against Defendants, Doc. 46, but denied without prejudice the damage computation presented at that time, stating that Plaintiff's affidavit was insufficient evidentiary support to grant liquidated damages.

5.      On November 25, 2014, Plaintiff served post-judgment discovery requests on Defendants to aid in recovering his judgment pursuant to Fed. R. Civ. Pro. 33 (interrogatories) and 34 (requests for production), both of which allows 30 days for Defendants to respond with their answers and objections to the discovery. The requests are attached as Exhibit B.

6.     Of the three defendants contacted, only Covertglass.com, LLC responded. Its response did not comport with Rules 33 and 34, and is attached as Exhibit C. Plaintiff received nothing from E-Systems or Privacy Technology Corporation.

7.     Just prior to filing this motion, Plaintiff again attempted to contact all three defendants. As stated in the Norred Affidavit attached as Exhibit A, status as to those efforts are as follows:

a. E-Systems/Tricplate remains an operating business, though Florida's Secretary of State shows it has been administratively dissolved for failure to file an annual report. Its website's "New Items" page appears to have been updated on February 4, 2015. Counsel for plaintiff has even left a public message on Tricplate's social networking page on Facebook and contacted the registered agent for a business that is owned by the apparent owner of Tricplate.  This organization appears to be actively avoiding any acknowledgement of the suit, but is clearly still in business.

b. Privacy Technology Corporation appears to be out of business today. It appears to have been shut down in 2013. Its website was changed sometime after July 2013. Plaintiff has attempted to contact James F. Ferrara, Jr., its principal, through email, mail and phone to no avail.

c. Covertglass.com, LLC replied with a notarized statement that it never sold a product "as so identified" in this case. Plaintiff has informed

Covertglass that this response was unacceptable and informed its attorney

by email that Plaintiff would be filing a motion to compel on February

19th, February 23, and April 4, 2015, but has received no response.

## B. Legal Analysis

8.     Federal Rule of Civil Procedure 37(a)(3)(B) allows for a motion to compel

cooperation from a party refusing to properly answer discovery requests.

9.     Federal Rule of Civil Procedure 37(a)(5) states that a court must require an

offending party or deponent to pay the movant's costs in connection with a motion

to compel, but only if the movant made a good faith effort to obtain the discovery

before filing the motion to compel, the failure to respond was unjustified, and no

other circumstances exist to make the award unjust.

10.     There is no reasonable justification for the refusal of Defendants to produce

the discovery as requested, so that an order to compel is appropriate.

11.     The Affidavit of Warren Norred establishes that Plaintiff incurred attorney's

fees and expenses in the amount of $1775 in seeking voluntary production of the

document and bringing this motion to compel defendants to answer discovery.

12.     Because each defendant has individually failed to properly answer, Plaintiff

requests that each defendant be held jointly and severally liable for the entirety of

the damage award, based on the pecuniary nature of the award and the need to

encourage defendants to participate in this suit.

### III.    MATTERS ON WHICH MOTION BASED

13.    This motion is based on the pleadings and papers on file in this action, this motion, including the Memorandum of Points and Authorities *supra*, exhibits attached, and whatever evidence and argument is presented at a hearing of this motion, if the Court requires a hearing.

Respectfully submitted this April 6, 2015,

NORRED LAW, PLLC

By:  s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
C. Chad Lampe, Texas Bar No. 24045042
chad@norredlaw.com
200 E. Abram St., Ste 300, Arlington, Texas 76010
Tel. (817) 704-3984, Fax. (817) 524-6686
Attorney for Plaintiff

Exhibits
A - Affidavit of Warren Norred; B - Discovery Requests; C - Response by Covertglass.com

**CERTIFICATE OF COMPLIANCE** - Plaintiff has attempted multiple times to contact Defendants' representatives on these matters, using certified mail, regular mail, emails, and calls to known phone numbers, with efforts constitute reasonable efforts to resolve the discovery dispute without the necessity of court intervention. The registered agent for E-Systems verified to me that it has passed on the registered mail I have sent. Counsel for Covertglass.com has refused to provide anything more than an bland statement that is not compliant with the rules of discovery. Privacy Technology Corporation has not responded to my attempts to communicate.

 /s/ Warren V. Norred
Warren V. Norred

**CERTIFICATE OF SERVICE** - I certify that on April 6, 2015 a true and correct copy of the foregoing was served by and to: a) EASTBIZCOM.INC by CM/RRR (registered agent of E-Systems); b) Jason Johnson (counsel for Covertglass, and its principal, Raymond Allen) by email to jason@romsalaw.com; and c) the registered agent of PTC, U.S. Corp. Agents, Inc., 7014 13th Avenue, Ste. 202, Brooklyn, NY 11228 and James Ferrera, principal of PTC at his home address (380 Yaphank Middle Island Rd, Yaphank, NY 11980-9724) by CM/RRR.

s/ Warren V. Norred
Warren V. Norred

Warren V. Norred, Norred Law, PLLC
200 E. Abram, Suite 300; Arlington, TX 76010
817-704-3984 o, 817-524-6686 f
wnorred@norredlaw.com, TX Bar 24045094
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL WRIGHT** | § | |
|   **Plaintiff,** | § | **Case No. 3:12-cv-04715-K** |
| | § | |
| **v.** | § | |
| | § | |
| **E-SYSTEMS LLC, et al.,** | § | |
|   **Defendants.** | § | |

## EXHIBIT A

## AFFIDAVIT OF WARREN V. NORRED
## IN SUPPORT OF MOTION TO COMPEL PRODUCTION

| | |
|---|---|
| **STATE OF TEXAS** | § |
| **TARRANT COUNTY** | § |

On April 6, 2015, Warren V. Norred appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1.    My name is Warren V. Norred. I am over 18 years of age and reside at 200 E. Abram, Suite 300, Arlington, TX 76001. I am personally familiar with the facts stated in this affidavit, and if called to testify as a witness in this matter, I could and would competently testify to the facts set out in this affidavit.

2.    I am the attorney of record for Michael Wright, the plaintiff in this action.

3.    This action was brought to recover damages for patent infringement.

4.     In order to properly calculate damages in this action, it is necessary that plaintiff be permitted to have possession of sales and cost records concerning the products which defendants sold that infringed plaintiff's patents.

5.     If plaintiff is not permitted to have this access to the sales and costs records, it will be compelled to ask the Court to rely on less accurate statements casually made to plaintiff by agents of defendant E-Systems (as stated by plaintiff in his affidavit filed with his original affidavit in support of his motion for default judgment, Doc. 41-1, p.16-18), where Wright calculated that E-Systems' profits were conservatively $5,250,000.

6.     Now that Wright has shown himself deserving of judgment in his favor on liability, and Wright has stated that profits on the infringement is conservatively $5,250,000, the only reasons for defendants to refuse to provide sales records and answer the discovery requested are to prevent an award that includes an even higher damages calculation and to hinder collections efforts.

7.     I have expended significant time and effort attempting to work with Defendants, each of which appears dedicated to avoiding any response or even an acknowledgement of this suit, though I have spoken to agents of the registered agent for E-Systems, LLC, who confirmed that it was receiving my certified mail and that an agent for E-Systems, LLC was picking up the mail. In those efforts, I have sent certified mail, regular mail, emails, attempted to reach it by phone, and even left public messages on E-System's "Tricplate" Facebook page. It's website (http://tricplate.com/) is active with new content added. It still uses "switchable license plate" in its meta keywords for advertising, and the organization appears to be in operation. Though the infringing items are not listed on the site for sale, there is no reason to believe that E-Systems is not still selling those products.

8.     A true and correct copy of the discovery requests I sent to defendants is filed concurrently and attached with this Affidavit as Exhibit B.

9.     I have personally spoken with counsel for Covertglass.com, who expressed reluctance to properly answer the discovery requests I sent to Covertglass.com on November 25, 2014, and who has not provided anything more than the response filed concurrently and attached with this Affidavit as Exhibit C. Among other attempts I have made, I attempted to resolve the issue by email sent on April 3, 2015, and demanded that Covertglass.com answer the discovery request.

10.     Privacy Technology Corporation is not obviously still in operation, but its principal refuses to respond to my overtures of communication, leading me to

believe that he is deliberately hoping to keep the proceeds he has received by infringing Wright's patents. I have attempted to call him on various phone numbers to no avail, the last attempt on April 6, 2015.

11.     In filing this motion to compel, my office has incurred three hours of paralegal time at $90/hour and 4.3 hours at $350/hour, totaling $1775 for drafting, repeated attempts to track down and find responsible parties for defendants, completing and filing the motion. This does not count the hard costs of mailing.

12.     I signed this affidavit on April 6, 2015, in Arlington, Texas.

_____
Warren V. Norred

Sworn to and subscribed before me by Warren V. Norred on April 6, 2015,

> **CAROL HOLLINGSWORTH**
> Notary Public, State of Texas
> My Commission Expires
> **August 18, 2018**

_____
Notary Public in and for the State of Texas

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL WRIGHT** | § | |
| **Plaintiff,** | § | **Case No. 3:12-cv-04715-K** |
| | § | |
| **v.** | § | |
| | § | |
| **E-SYSTEMS LLC, et al.,** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION IN AID OF JUDGMENT TO E-SYSTEMS LLC D/B/A TRICPLATE ("TRICPLATE")

**TO:  Defendant E-SYSTEMS LLC D/B/A TRICPLATE ("TRICPLATE"),** by mail, email and fax to E-Systems at sales@tricled.com, and fax number 954-320-9502 and address 5348 Vegas Drive, Las Vegas, NV 89108 on November 25, 2014.

  **NOW COMES** Plaintiff, MICHAEL WRIGHT, and pursuant to Fed. R. Civ. Pro. **33 and 34**, serves the attached interrogatories and request for production to Defendant.

  You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by the Federal Rules of Civil Procedure, **Rule 33(3)**. You are notified that the Plaintiff specifies that the answers shall be served upon the undersigned counsel within thirty days after the service of these interrogatories. Your failure to make timely answers or objections may subject you to sanctions as provided in **Rule 37(b)(2)** of the Federal Rules of Civil Procedure. Furthermore, demand is made for the supplementation of your answers to these interrogatories as required **Rule 37(d)** of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to the Defendant, E-Systems, et al, in this suit, separately and corporately, their attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or their behalf, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and

authorship, both originals and non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stores in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustrations and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements; interviews; stock transfer ledger; technical and engineering reports, evaluations, advice recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusion; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Fed. R. Civ. P. **Rule 34(a)(1)** , a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity whether formed for business or any other purposes.

5.      "Identify" or "Identification":

      a.      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

      b.      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief

executive officer and telephone number.

c.    When used in reference to a document, "identify" or "identification" shall include statement of the following:

    i.    The title, heading, or caption, if any, of such document;

    ii.   The identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

    iii.  The date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    iv.   The number of pages and the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

    v.    The name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    vi.   The name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

    vii.  The physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

a.    An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff(s) and any defendant(s) or between any defendant(s) herein whereby plaintiff(s) or defendant(s) have in any way released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.    Any resolution of the differences between the plaintiff(s) and the defendant(s) by loan to the plaintiff(s) or any other device which is repayable in whole or in part out of any judgment the plaintiff(s) may recover against defendant(s).

c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## INTERROGATORIES IN AID OF JUDGMENT

1.     Identify the person answering these interrogatories by providing name, address, phone number, social security number, driver's license number, and date of birth.

2.     What are the account numbers and general information of all bank accounts associated with E-Systems, LLC d/b/a TricPlate.

3.     Please state:

   a. All names ever used to identify Defendant;
   b. Incorporation/formation date and whether or not any fees were paid to any state for inception of the Defendant corporation/company, the amount paid, and the date paid;
   c. The address of the principal place of business
   d. The names, telephone numbers, and addresses of all of Defendant's employees, shareholders, directors, members, officers, and/or manager for the past ten (10) years;
   e. The type of business conducted
   f. The levels of income generated by said business
   g. The amount of income, which Defendant draws from said business on a monthly and annual basis;
   h. The full name and complete address of each bank or similar institution in which the business maintains or has maintained for the past ten (10) years any time of checking or deposit account of from which the business has borrowed money;
   i. The present estimated market value of Defendant;
   j. The present estimated market value of any interest owned by Defendant; and
   k. The amount of any ownership interest in Defendant business that has transferred within the last three years and the full name and complete address of the person or entity receiving the interest and the person or entity receiving the interest.

4.     Identify each person who has custody or possession of any of the business records or books of account maintained for which defendant and/or any business Defendant has an ownership interest.

5.     If the Defendant currently leases or rents any real or personal property, identify the following:

   a. The landlord;
   b. Monthly rent;
   c. Any rent-to-own options.

6.     If the Defendant owns any real property, to include, but not limited to, property owned by partnerships and corporations in which Defendant has an interest; oil, gas, and mineral

interests; options to purchase; in which Defendant owns an interest, lease provide the following information:

    a.  Address and property description;
    b.  When acquired, purchase price, monthly payments, status of payments;
    c.  All liens, mortgages, current balance;
    d.  Rental income, identify the renters of the property
    e.  Name(s) on the title.

7.    Identify whether any of the real property owned by Defendant, individually, jointly, or otherwise, is encumbered by a deed of trust lien, chattel mortgage, security interest, pledge, or any other type of lien.

8.    If your answer to Interrogatory number 6 is in the affirmative, then list each and every item by description of the property, nature of encumbrance, date encumbered, name and address of person holding encumbrance, amount paid for encumbrance, and date and place of recordation.

9.    If Defendant has access to a safe deposit box or other depository for securities, cash, or other valuable, identify the property contained therein and the location thereof.

10.    If your answer to Interrogatory 9 is in the affirmative, and any of the contents have been removed during the past twenty-four months, describe the property removed by stating the date of removal, reason for removal, the name and address of person who removed it, and the current location of the property removed.

11.    Identify each person or entity to whom Defendant has given, submitted, provided, or furnished a financial statement or similar document in the preceding five years.

12.    Describe any rust to which Defendant has made a contribution, or been the beneficiary of, during the past five years by identifying the name of the trust and the name and address of each trustee.

13.    Describe any personal or real property which Defendant has sold, given, paid, transferred, or otherwise conveyed to anyone during the past five years, and state the date of transfer, the name of the transferee, and the sum of money or other property received as consideration for each transfer.

14.    Identify any motorized vehicle (including automobiles, trucks, watercraft, aircraft, motorcycles, including, but not limited to, any and all 2-, 3-, or 4-wheeled motor vehicles, etc.) in which Defendant claims an interest, including the year, make, model, serial number, vehicle identification number, and other permanent identification numbers, current location, estimated market value, and existence of encumbrances and the name, address, and telephone number of individuals currently in possession of each vehicle.

15.    Identify each person or entity who has appraised any real or personal property for Defendant during the past five years by name, telephone number and address.

16.    Identify each insurance company and independent agent from whom Defendant has

sought property damage, loss, theft, disappearance, life, health, disability, or conversion coverage, or any annuity or similar investment within the past five years by giving their name, telephone number and address.

17.     Identify each person and/or business entity who has served as bank, banker, financial planner, financial advisor, broker, or accountant for Defendant during the past ten years.

18.     Identify who, if anyone, owes Defendant money or other property and how much by giving the person's or persons' name, business and residential address telephone number, amount owed, and why it has not been paid to the Defendant.

19.     If you have one or more tenants, persons, lessees, subtenants, or sub-lessees of any real or personal property, identify the persons and state the amount of rent paid by him or her and the date the person began renting.

20.     Please describe and identify all property, whether real or personal, of any kind in which Defendant has owned or controlled any interest during the past five years.

21.     Please describe and identify all of Defendant's current creditors and/or lienholders, the amount owed, the reasons thereof, and the existence of any lien or encumbrances.

22.     Please describe and identify all contracts, leases, or other agreements to which Defendant has been a party in the last five years.

23.     Please describe and identify all stock, investment contracts, notes, debentures, bonds, certificates, certificates of deposit, bank accounts, investment accounts, money-market accounts, mineral interests, royalties, warrants, options, shares, subscription, partnership interests, memberships, or other securities or investments in which either Defendant has had an interest in the last five years. Your identification should include, but is not limited to:

      a. Instruction/businesses involved;
      b. Account number;
      c. Name on account and signatory;
      d. Whether owed debt to the bank or institution;
      e. Any cash equivalent in hand, not in any of these banks and/or instruments;
      f. Location of certificates or accounts;
      g. Names on certificates or stock accounts;
      h. Identity of security;
      i. Whether or not any of these items are pledged.

24.     Identify and describe any other business in which Defendant claims or owns any interest.

25.     If your answer to Interrogatory number 23 lists any business or businesses, state:

      a. The business's correct name and any and all assumed names ever used y the business;
      b. Incorporation/Formation date and whether or not any fees were paid to the State of Texas for the inception of the business, the amount paid, and date paid;

    c.  The address of the principal place of business;
    d.  The names, telephone numbers, and addresses of all of the business's employees, shareholders, directors, members, officers, and/or managers for the past ten years;
    e.  The type of business conducted;
    f.  The levels of income generated by said business;
    g.  The amount of income, which Defendant draws from said business on a monthly annual basis;
    h.  The full name and complete address of each bank or similar institution in which the business maintains or has maintained for the past ten years any type of checking or deposit account or from which the business has borrowed money;
    i.  The present estimated market value of Defendant's interest; and
    j.  The amount of any ownership interest in the business that has transferred within the last three years and the full name and complete address of the person or entity receiving the interest and the person or entity receiving the interest and the person or entity receiving the interest.

26.    With respect to interests in real property in which Defendant claims an interest, state:

    a.  The nature of the interest;
    b.  The legal description of the property;
    c.  The location of the property;
    d.  The size of the property by acreage;
    e.  All improvements located thereon;
    f.  The names of all others with ownership interests therein;
    g.  The current location of documents related to said real property and Defendant's interest(s) therein; and
    h.  The present value of said property.

27.    Identify each person or entity to whom Defendant has paid, given, or conveyed any real or personal property of a value of more than $500.00 in the past five years by giving the names and addresses and a short description of the transactions.

28.    Where does Defendant keep the books or other written memoranda of its income and business affairs?

29.    Does Defendant now own, claim any interest in, or have title to any art object? If so, for each object please state:

    a.  The complete description of the object;
    b.  The complete address of its current location;
    c.  The full name and complete address of each person or entity having control over the object;
    d.  The present estimated market value of the object; and
    e.  The name of the person having title to or an interest in it and the nature of the interest.

30.     Does Defendant now own, claim any interest in, or have title to any collection (including but not limited to stamp collections and coin collections) that has not been described in a previous answer to these interrogatories? If so, for each collection please state:

    a.  A complete description of the collection, including (as applicable) the year, make, model, serial number, and other permanent identification of each item in the collection;

    b.  The complete address of its current location;

    c.  The full name and complete address of each person or entity having control over the collection;

    d.  The present estimated market value of the collection (or of each thing in it if appropriate) and;

    e.  The name of the person having title to or an interest in the collection and nature of the interest.

31.     Does Defendant, individually or jointly, now own, claim an interest in, or have title to any manufactured home, mobile home, trailer house, recreational vehicle, camper trailer, trailer, or other item of a similar nature that has not been described in a previous answer to these interrogatories? If so, for each item please state:

    a.  A complete description of the item, including (as applicable) the year, make, model, vehicle identification number, serial number and other permanent identification numbers;

    b.  The general condition of the item;

    c.  The complete address of its current location;

    d.  The full name and complete address of each person or entity having control over the item;

    e.  The present estimated market value of the item;

    f.  The full name and complete address of the person or entity having possession of the certificate or title or other document evidencing title to it;

    g.  The amount of any lien against the item and the full name and complete address of the holder or owner of the lien; and

    h.  The name of the person having title to or an interest in the item and the nature of the interest.

32.     Does Defendant, individually or jointly, now own, claim any interest in, or have title to any farm machinery of any kind that has not been described in a previous answer to these interrogatories? If so, for each item please state:

    a.  A complete description of the item, including (as applicable) the year, make, model, vehicle identification number, serial number, and other permanent identification numbers;

    b.  The complete address of its current location;

    c.  The full name and complete address of the person or entity having possession of the certificate or title or other document evidencing title to it;

    d.  Whether the item is subject to a lien and, if it is, the amount of such indebtedness and the full name and complete address of the holder or owner of the lien;

       e.  The present estimated market value of the item;
       f.  The date and cost of acquisition of the item; and
       g.  The name of the person having title to or an interest in the item and the nature of the interest.

33.     Does Defendant, individually or jointly, claim any interest in, or have title to any kind of aircraft that has not been described in a previous answer to these interrogatories? If so, for each aircraft please state:

       a.  A complete description of the aircraft, including the FAA identification number, motor number, and other permanent identification numbers;
       b.  The complete address of its current location;
       c.  The full name and complete address of the person or entity having possession of the certificate of title and, if different, the present location of the certificates;
       d.  Whether the aircraft is subject to a lien and, if it is, the amount of such indebtedness and the full name and address of the holder or owner of the lien.
       e.  The present estimated market value of the aircraft;
       f.  The date and cost of its acquisition;
       g.  The full name and complete address of the person or entity with possession of the aircraft; and
       h.  The name of the person having title to or an interest in the aircraft and nature of the interest.

34.     Does Defendant, individually or jointly, now own, claim an interest in, or have title to any of the following kinds of property?

       a.  Stocks, bonds, or other securities;
       b.  Mortgages or liens on real or personal property;
       c.  Promissory notes, drafts, bills of exchange, or other commercial paper;
       d.  Judgments;
       e.  Savings bonds or other government-issued bonds;
       f.  Any interest in oil, gas, or mineral leases;
       g.  Certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, or escrow funds;
       h.  Koegh plans, individual retirement, individual retirement accounts, profit-sharing plans, deferred compensation plans, pension plans, prepaid funeral plans, retirement benefits, or other retirement plans;
       i.  Leases, life estates, remainder interests, or other interests in real property; and/or
       j.  Patents, copyrights, trademarks, service marks, franchises, or other such licenses.

35.     If Defendant, individually or jointly, now owns, claims any interest in, or has title to any of the kinds of property referred to in Interrogatory number 33, and if the information sought in this interrogatory has not been provided in another answer, for each item or property please state:

       a.  A complete description of the item, including account number, registration number, other permanent identification numbers, and other specified identification;
       b.  The full name and complete address of the person in whose name the item is held;

    c.  The present value of the item;
    d.  The amount of the indebtedness outstanding against the item; and
    e.  The name of the person having title to or an interest in the item and the nature of the interest.

36.    Does Defendant, individually or jointly, now own, claim an interest in, or have title to any personal property, including but not limited to, furniture, fixtures, tools, and appliances that is more than $500.00 and that has not been described in a previous answer? If so, for each item please state:

    a.  A complete description of the item, including (s applicable) the year, make, model, vehicle identification number, serial number, and other permanent identification numbers;
    b.  The complete address of its current location;
    c.  The full name and complete address of the person or entity having control of the item;
    d.  The present estimated market value of the item;
    e.  The name of the person having title to or an interest in the item and the nature of the interest;
    f.  A description of the legal nature of the entity;
    g.  The full and complete address of each officer, director, or partner in said entity;
    h.  The full and complete address of each bank in which the business maintains any type of checking or deposit account or from which the business has borrowed money;
    i.  The present estimated market value of the interest, the percentage of the total value of the business; and the amount of interest you or a family member has transferred within the last year and the full name and complete address of the person or entity receiving the interest.

37.    At any time in the last five years, as Defendant made any agreement by which some entity or other person was granted an option to buy any assets, including stock options, of Defendant? If so, for each agreement please state:

    a.  The date of the agreement;
    b.  The full name and complete address of each party to the agreement;
    c.  The payment or other consideration Defendant received in exchange for the agreement;
    d.  A complete description of the property covered by the agreement and the name of the person in whose name it was held; and
    e.  The terms of the agreement quoting verbatim or attaching a copy of it to your answers.

38.    Has Defendant ever been a plaintiff or defendant in a lawsuit, other than the lawsuit that is the subject of these interrogatories? If so, for each suit please state:

    a.  The party designation (plaintiff, defendant, etc.) of Defendant in those suits;
    b.  The names of the parties under which the suit was filed and indexed;
    c.  The cause number of the suit, and the name, number, and location of the court;

d.  The date the suit was filed;
e.  The damages and other relief sought by each party;
f.  The amount of any settlement offer in the case;
g.  The present status of the suit
h.  The amount of any judgment entered against Defendant, or for Defendant, the date the judgment was entered, and the name of the person or entity against whom and in favor of whom the judgment was entered, and the balance currently owed on the judgment.

39.   Identify any claims or expected claims that Defendant has or will have in the future against any person or entity, including but is not limited to, a complete description of the claim, the claim's current status, and identification of documents supporting Defendant's claims.

40.   Has Defendant made any conveyance, transfer, gift or other disposition of property with any reservation of rights, benefits or options or the reacquisition of property at some future date?

41.   If your answer to Interrogatory number 39 is in the affirmative, state:

a.  A complete description of the property involved;
b.  The date the disposition occurred;
c.  Name and address of the transferee;
d.  The nature of the reservation;
e.  Cost of the property acquired;
f.  Market value of the property at the time of the disposition; and
g.  The name of the individual or entity making the transfer.

42.   Identify any property being held for the Defendant by some other person or entity. This includes, but is not limited to, real property, personal property, bank and savings accounts, intellectual property such as copyrights, patents customer lists, and other intangible assets.

43.   Identify any and all real estate owned by you and provide the location of each piece of real estate you own.

44.   Identify any and all law firms or lawyers that have provided legal assistance, counsel, or representation for the Defendant in the past ten years.

45.   See attached Exhibit A. How many "USA SIZE MOTORCYCLE TRICPLATE" products, as seen in Exhibit A, have you produced, by year, in the last ten years?

46.   See attached Exhibit A. How many "USA SIZE AUTOMOBILE TRICPLATE" products, as seen in Exhibit A, have you produced, by year, in the last ten years?

47.   Identify the product number for the items listed in request 45 and 46.

48.   Identify all other devices you sell which uses an LCD element to obscure license plates.

49.   Provide the sales price by year for the items listed in request 45 and 46 in the last ten years.

50.     Provide any and all documents that refer to the amount of profit you made for each sale of the aforementioned infringing items.

51.     Provide all bills of materials for items mentioned in request 45 and 46, or listed in response to request 48.

52.     Provide all current or past pricing documents to indicate the cost for the bills of materials for items mentioned in request 45 and 46, or listed in response to request 48.

## POST-JUDGMENT REQUESTS FOR PRODUCTION

Please produce the following:

53.     The originals or true and correct copies of any and all checkbooks, canceled checks, account statements, deposit slips, passbooks, trust vouchers and/or all other written documentation of the existence of any and all bank accounts, savings accounts, trust funds, credit union deposits, certificate of deposits, or safety deposit boxes, wherever situated, existing for the benefit of or in the name of Defendant, individually, jointly, beneficially, or in trust with any other individuals or entities for the past five years, or in which funds or real or personal property or any other assets of whatever kind or character, in any way relating to the business operations or personal finances of Defendant have been deposited, kept, maintained, withdrawn, or otherwise recorded in any manner at any time during the past five years.

54.     The originals or true and correct copies of any and all income tax returns, gift tax returns, estate tax returns, partnership information returns, or other tax returns, whether state or federal, filed by or signed in any capacity by Defendant, individually or jointly with any other individuals or entities, whether such returns be individual or as a partnership or as a corporation, for the past five years, including any estimates of income tax and any and all records of taxable income from any of these individuals or entities during the past five years. All income tax returns signed in any capacity by Defendant, are also to be included herein, whether such income tax returns are those of a corporation or for any other type of entity.

55.     The originals or true and correct copies of certificates of title or titles for any and all motor vehicles, airplanes, boats, and recreational vehicles in any capacity owned, held, or conveyed by or to Defendant, individually or jointly with any individual or entity, at any time during the past five years.

56.     The originals or true and correct copies of any and all deeds, leases, mortgages, notes, liens, property tax receipts and any other documents in any way relating to any and all ownership interest or conveyances of real property, including property claimed as homestead, in which legal or equitable title is held by Defendant, individually or jointly or in any other capacity, whether in trust or otherwise, with any individual or entity at any and all times during the past five years.

57.     The originals or true and correct copies of any and all contracts, partnership agreements, limited partnership agreements, assumed name certificates, articles of incorporation, trust indentures, or any other agreements of whatever kind or character entered into by Defendant, in any manner or capacity, individually or jointly with any other individual or entity, including, but not limited to, agreements calling for the performance of services or

other acts for which it is in any way possible that the said Defendant will or may receive any compensation or any other thing of value for such services for the past five years.

58.     The originals or true and correct copies of any and all documents evidencing an ownership interest in any limited liability company, corporation, partnership, limited partnership, limited liability partnership, or other entity, including, but not limited to, stock certificates, limited liability operating agreements, organizational consents, membership unit certificates for the past five years held in any capacity (a) owned by Defendant, whether individually or jointly with any other individual or entity, at any time during the past years, or (b) conveyed in trust for the benefit of any other person or entity at any time during the past five years.

59.     The originals or true and correct copies of any and all documents evidencing an ownership interest in any publicly traded security or mutual fund, including, but not limited to, brokerage account statements, stock certificates, or mutual fund statements (a) held in any capacity or owned by Defendant, whether individually or jointly with any other individual or entity, at any time during the past five years, or (b) conveyed in trust for the benefit of any other person or entity at any time during the past five years.

60.     The originals or true and correct copies of any and all documents evidencing your ownership interest in any credit union shares, certificates of deposit, trust receipts, trust indentures or bonds, whether corporate, municipal or government, (a) held in any capacity or owned by Defendant, whether individually or jointly with any other individual or entity, at any time during the past five years, or (b) conveyed in trust for the benefit of any other person or entity at any time during the past five years.

61.     The originals or true and correct copies of any and all pay vouchers, interest statements, annuity receipts, wage statements, dividend statements, partnership distribution statements, or any other written or printed documents, of whatever kind or character, in any way stating any amounts of money or other compensation received by or paid by Defendant for any services rendered; merchandise sold; assets sold or mortgaged or otherwise conveyed; activities performed; or any type of employment duties performed or services rendered during the past five years.

62.     The originals or true and correct copies of any and all annuity contracts, life insurance policies, liability policies, and other insurance policies of whatever kind or character of any manner insuring the life or any real or personal assets, whether exempt, nonexempt, or homestead, in any manner owned, held, or otherwise accruing to the benefit of Defendant or any other individual or entity, wherein Defendant is the owner of any such policy or the insured under any such policy or a beneficiary in any capacity under any such policy.

63.     The originals or true and correct copies of any documents and written records which reflect any beneficiary changes in life insurance held by Defendant during the past five years.

64.     Any and all books or records, or whatever kind or character, maintained by Defendant, its agents, attorneys, business managers, bookkeepers, accountants, or other representatives, in any way reflecting the financial condition of Defendant or any entity in which Defendant has participated within the past five years, including, but not limited to, notes payable, notes

receivable, accounts receivable, accounts payable, financial statements, periodic and annual income statements, balance sheets, cash receipts, and disbursement journals, profit and loss statements, general ledgers, statements of changes in financial position, statements of changes in shareholders' equity, and any and all other financial information in any way relating to any of their personal finances during the past five years.

65.     A detailed inventory of all assets owned by Defendant or in which Defendant has a financial interest as of the date of these responses, whether such assets be owned by said entity or any other individual or entity, and including all physical assets on the premises of said entity, whether or not owned by said entity, including but not limited to furniture and furnishings, office machines, equipment, tools, motor vehicles, fixtures, inventory, and paintings.

66.     All documents, written records, photographs, and videotapes which reflect inventories of each and every asset owned, held, or in any capacity possessed by Defendant, including, but not limited to, insurance appraisals and insurance inventories as of the date of these responses, including but not limited to, paintings, guns, antiques, furnishings, jewelry, sculptures, clothing, and furniture.

67.      All pension plans, retirement plans, and profit sharing plans in which Defendant has or had an interest at any time during the past five years.

68.     The original or true and correct copies of any loan and bond applications submitted to any bank insurance company, bonding company lender, or other financial institution by Defendant or in their capacity or by any officer, director, partner or employee of Defendant and/or any entity in which Defendant participated at any time during the past five years.

69.     Documents, written records, photographs, and videotapes which reflect appraisals and dates of acquisition of all works of art or pieces of jewelry at any time acquired or owned by Defendant or any non-corporate entity in which Defendant ever participated.

70.     Trust agreements and documents that Defendant has created, or of which Defendant is a beneficiary, created at any time during the past years.

71.     All sales reports generated in the last ten years.

72.     In particular, all sales reports which include sales figures, profits or costs in connection with the items mentioned in request 45 and 46, or listed in response to request 48.

**CERTIFICATE OF SERVICE** – These discovery requests were served E-Systems by email at sales@tricled.com, and to their registered agents Eastbiz.com, Inc. and Jan Vanhara at 954-320-9502 and sent by CM/RRR to 5348 Vegas Drive, Las Vegas, NV 89108 on November 25, 2014.

s/Warren Norred
Warren Norred, TX Bar 24045094

# ROMSA LAW OFFICE, P.C.

ATTORNEYS AT LAW
2123 PIONEER AVENUE
CHEYENNE, WYOMING 82001

MATTHEW H. ROMSA
BRIAN J. HANIFY
JASON JOHNSON
ATTORNEYS AT LAW
SHARON SARA
PARALEGAL
CHRISTOPHER BRENNAN
LEGAL INTERN

TELEPHONE (307) 433-8777
FACSIMILE (307) 433-9117
E-MAIL: matthewh@romsalaw.com
E-MAIL: brian@romsalaw.com
E-MAIL: jason@romsalaw.com
E-MAIL: sharon@romsalaw.com
E-MAIL: christopher@romsalaw.com

January 16, 2015

Warren Norred
Norred Law, PLLC
200 E. Abram, Suite 300
Arlington, TX 76010

RE: *Michael Wright v. E-Systems, LCC et al., Civil No. 3:12-cv-04715-K*

Dear Mr. Norred:

In reference to your letter dated November 25, 2014 and pursuant to our discussions, please find the *Affidavit of Raymond Allen* attached hereto. As you can see, Covertglass, LLC has been defunct for quite a while now even to the point of being dissolved in 2012. Additionally, Covertglass, LLC has never sold a single LCD license plate. Therefore, your client has not been harmed by Covertglass, LLC.

If you have any questions or need any further information, please contact our office.

Yours truly,

Jason Johnson
Romsa Law Office, P.C.

Enclosure.

## Affidavit of Raymond Allen

I, Raymond Allen, being first duly sworn upon my oath, having personal knowledge of the matters stated herein, and being of lawful age and otherwise competent to testify, do depose and state:

1. Covert Glass, LLC was formed on April 19, 2010.

2. Covert Glass, LLC was administratively dissolved on June 10, 2012.

3. Covert Glass, LLC has never sold a LCD license plate as so identified in Michael Wright v. E-Systems, LLC et al., Civil No. 3:12-CV-04715-K.

FURTHER AFIANT SAYETH NAUGHT.

DATED this 16th day of January, 2015.

_____

Raymond Allen

STATE OF WYOMING    )
                                        ) ss.
COUNTY OF LARAMIE   )

The above and foregoing was sworn and subscribed to before me by Raymond Allen this 16th day of January, 2015. Witness my hand and official seal.

JASON JOHNSON · NOTARY PUBLIC
COUNTY OF LARAMIE    STATE OF WYOMING
MY COMMISSION EXPIRES AUG. 6, 2018

_____

Notary Public