IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WRIGHT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:12-CV-4715-K-BK |
| | § | |
| E-SYSTEMS, LLC, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE[1]**

Pursuant to the District Judge's *Order of Reference*, Doc. 58, this cause is before the Court on Plaintiff's *Motion for Order to Show Cause*, Doc. 57. Plaintiff requested that the Court order the Defendants' owners (collectively, the "Owners") to appear before the Court and show cause why each has failed to comply with post-judgment discovery duly served on them as principles and managers of Defendants (collectively, the "Defendant Companies"). Doc. 57 at 1. An evidentiary hearing was held on November 20, 2015, and, despite being duly notified of the hearing and ordered to appear, Doc. 60, neither Defendant Companies nor the Owners appeared or otherwise contested the evidence presented. Doc. 65 at 2.

**I. APPLICABLE LAW**

Under the Federal Rules of Civil Procedure, violation of a discovery order may result in sanctions, including holding the disobedient party in contempt of court. FED. R. CIV. P. 37(b)(2)(A)(vii). If it appears that a party has violated a discovery order and that violation constitutes a civil contempt, the magistrate judge may recommend that the district judge find the party in contempt. *See* 28 U.S.C. § 636(b)(1)(B). A court may exercise its civil contempt power

---

[1] It having been clarified that the District Judge's referral was pursuant to 28 U.S.C. 636(b)(1)(B), rather than section 636(e), these *Findings, Conclusions and Recommendation* are substituted for the *Certification of Facts Constituting Contempt of Court* [66] that is withdrawn.

for one or both of these purposes: "to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947) (alteration added).   Upon consideration, the Court concludes that certain actions and inactions of the Defendant Companies and the Owners violate an order of this Court and, therefore, constitute civil contempt.

## II. FINDINGS OF FACT[2]

1.  Plaintiff Michael Wright invented and patented a license plate cover that obfuscates the contents of a license plate during vehicle exhibitions.  According to his original complaint, he was awarded patent number 6,556,337 in April 2003, and patent number 6,714,340 in March 2004 (collectively, "the patents in suit").

2.  Plaintiff filed this lawsuit in November 2012 against seven defendants that manufacture and/or distribute license plate covers that allegedly infringe the patents in suit. Only E-Systems LLC d/b/a TricPlate ("E-Systems"), Covertglass.com LLC ("Covertglass"), and Privacy Technology Corporation ("PTC") remain in the suit.

3.  When the Defendant Companies failed to answer or otherwise respond to this suit, the Clerk entered defaults against them.  Doc. 40.

4.  Thereafter, Plaintiff sought partial default judgments against the Defendant Companies, which was granted as to liability only.  Doc. 44; Doc. 45.

5.  After unsuccessfully attempting to obtain post-judgment discovery in an effort to calculate and collect damages from the Defendant Companies, Plaintiff filed a *Motion to Compel*, Doc. 50, which the undersigned granted as unopposed, Doc. 51.  In addition to ordering the Defendant Companies to respond to the outstanding discovery requests, the Court held them

---

[2] Unless otherwise noted, the facts in this section are drawn from Judge Kinkeade's order dated January 8, 2014.  Doc. 26.

jointly and severally liable for Plaintiff's attorneys' fees incurred in bringing the motion in the amount of $1,775.  Doc. 51.

6.  Five months later, Plaintiff filed the instant *Motion for Order to Show Cause*.  Doc. 57. In his motion, Plaintiff contends that following entry of the Court's order compelling discovery, he re-sent the discovery requests to the Defendant Companies via certified mail and still obtained no responses, nor did he receive the $1,775 he was owed in attorneys' fees.  Doc. 57 at 2.

7.  Plaintiff states that he next sent a notice of discovery to each of the Owners of the Defendant Companies, which again went ignored.  Doc. 57 at 2-4.  Plaintiff has attached to his motion a supporting affidavit and evidence.  Doc. 57-1 at 2-34.

8.  At an evidentiary hearing held on November 20, 2015, Plaintiff's counsel adopted his show cause motion as his testimony in full and averred that he and his legal staff have made every attempt possible, including telephone calls, certified mail, and faxes, to obtain the discovery sought.  Doc. 65 at 4-6.

9.  In response to the Court's inquiry, Plaintiff's counsel testified that he had never received any responses to the discovery that the Court had compelled the Defendant Companies to answer, and he was not aware of any further recourse available to him short of requesting that the Court enforce its own order through contempt or other appropriate sanctions.  Doc. 65 at 16-17.

10.  Plaintiff requests in his motion that the Court (1) issue an order to show cause to hear the question of the Owners' contempt; (2) direct Defendants to answer the previously served discovery at Plaintiff's counsel's law office within 14 days of the date of the order granting his motion; (3) find that E-System's profits from the sale of the infringing device were $5,250,000 based on statements made by Reggy Tan to Plaintiff regarding how many units Tan had sold;

and (4) award an additional $1,055 in attorneys' fees against both the Defendant Companies and their respective Owners, jointly and severally, for a total of $2,830.³  Doc. 57 at 4-6; Doc. 57-2 at 1-2 (proposed order).

11.  Plaintiff additionally requested at the evidentiary hearing that he be permitted to send a letter to the Owners of the Defendant Companies stating that if they did not respond to the discovery within two weeks, they would be arrested and jailed for contempt of court until they purged themselves of the contempt.  Doc. 65 at 11.

### III. CONCLUSIONS OF LAW

In failing to respond to discovery and in failing to comply with this Court's order granting Plaintiff's unopposed *Motion to Compel*, the Defendant Companies and the Owners of the Defendant Companies, as their principals, have violated Rule 37(b)(2)(A) and (D) (addressing party's or party's officer or director's failure to obey a court order and respond to discovery, respectively); *see also Gen. Motors Acc. Co.  v. Howard*, 487 S.W.2d 708, 712 (Tex. 1972) (noting that the president and owner of a company's capital stock was responsible for the actions of the company).  Based on the law and the facts presented above, the undersigned concludes that facts are present that constitute contempt and warrant the District Judge taking further action.

To prove that the Defendant Companies and Owners should be held in civil contempt, Plaintiff must establish by clear and convincing evidence that (1) a court order was in effect; (2) the order required specified conduct by the Defendant Companies and Owners; and (3) they failed to comply with the order.  *See United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004).  Furthermore, "the contemptuous actions need not be willful so long as the

---

[3] Plaintiff asserts that the Court previously entered an award of attorneys' fees in the amount of $3,750, Doc. 57 at 5, but the correct amount is $1,775, Doc. 51.

4

contemnor actually failed to comply with the court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980) ("in civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order"). Under the circumstances set forth above, Plaintiff has shown by clear and convincing evidence that the Court's order granting Plaintiff's *Motion to Compel* was in effect, required specified conduct by the Defendant Companies and Owners, and they did not comply with the order. *City of Jackson*, 359 F.3d at 731.

Accordingly, it is recommended that the Court (1) find the Owners and Defendant Companies in contempt by reason of the aforementioned facts; (2) direct Defendants and Owners to answer the previously-served discovery requests at Plaintiff's counsel's law office within 14 days of the date of the order granting this motion; and (3) award an additional $1,055 in attorneys' fees against both the Defendant Companies and their respective Owners, jointly and severally, for a total of $2,830.  As to Plaintiff's request that the Court calculate E-System's profits at $5,250,000 based on alleged admissions made by Tan to Plaintiff, the extrapolation of such a large award of damages from Plaintiff's counsel's report of a brief conversation is not warranted at this stage of the proceedings.

The Clerk of the Court is directed to transmit copies of this certification and recommendation to Plaintiff and to all Owners and Defendant Companies as follows: (1) James Lang, principal of E-Systems, at 940 S.W. 75th Ave., Plantation, FL 33317; (2) Jason Johnson, counsel for Covertglass, at 2123 Pioneer Avenue, Cheyenne, WY 82001; (3) James Ferrara, principal of PTC, at 380 Yaphank Middle Island Road, Yaphank, NY 11980; and (4) E-Systems,

LLC via Eastbiz.com at 5348 Vegas Dr., Las Vegas, NV 89108.

**SIGNED** on January 27, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE